JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARROWOOD SURPLUS LINES INSURANCE
COMPANY, successor in interest to ROYAL SURPLUS      Civil Action No. _____
LINES INSURANCE COMPANY,

# 07 CIV 8608

              Plaintiff,

**COMPLAINT FOR
DECLARATORY RELIEF**

       -against-

BRUCKNER PLAZA ASSOCIATES, L.P., BRUCKNER
PLAZA CORP. and ESTHER SCHULDER,

              Defendants.



DEC 0 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

-------------------------------------------------------------------X

      Plaintiff Arrowood Surplus Lines Insurance Company, successor in interest to Royal

Surplus Lines Insurance Company ("Arrowood"), by its attorneys, Rivkin Radler LLP, as and for

its complaint for declaratory judgment against defendants Bruckner Plaza Associates, L.P.,

Bruckner Plaza Corp. and Esther Schulder, alleges as follows:

### Parties

      1.    Plaintiff Arrowood is incorporated in the State of Delaware having its principal

place of business in Charlotte, North Carolina and is authorized to transact business in the State

of New York.

      2.    Upon information and belief, Defendant Bruckner Plaza Associates, L.P. is

incorporated in the State of New York and is authorized to transact business in the State of New

York.

      3.    Upon information and belief, Defendant Bruckner Plaza Corp. is incorporated in

the State of New Jersey and is authorized to transact business in the State of New York.

4.     Upon information and belief, Defendant Esther Schulder ("Schulder") is a natural person residing in the State of New York.

## Jurisdiction and Venue

5.     This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201, for the purpose of determining a question of actual controversy between the parties as described more completely herein.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exclusive of costs and interest is in excess of $75,000.

7.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as defendants Bruckner Plaza Associates, L.P. and Bruckner Plaza Corp. (collectively referred to as "Bruckner") conduct business in this District.

## The Insurance Contracts

8.     Arrowood and Allied Renovation Corporation entered into a commercial lines insurance policy bearing number KZB310202 for the period of March 9, 1999 to March 9, 2000 having limits of liability of $1 million each occurrence and $2 million general aggregate ("Arrowood Policy").

9.     Bruckner and Schulder are not listed as insureds under the Arrowood Policy.

10.     The Arrowood Policy includes an additional insured endorsement that provides that:

> WHO IS AN INSURED (Section II) is amended to include as an insured: any person, organization, trustee, estate or Governmental entity to whom or to which you are obligated, by virtue of a written contract or by the issuance or existence of a permit, to provide insurance such as is afforded by this policy, but only with respect to operations performed by you or on your behalf or to facilities

2

used by you and then only for the limits of liability specified in
such contract, but in no event for limits of liability in excess of the
applicable limits of liability of this policy; provided that such
person, organization, trustee, estate or Governmental entity shall
be an Insured only with respect to occurrences taking place after
such written contract has been executed or such permit has been
issued.

11.    OneBeacon and Bruckner entered into a liability policy in effect on March 3,

2000.

### The Personal Injury Action

12.    On or about June 13, 2001, Jorge Campoverde commenced a personal injury

lawsuit against Bruckner, Schulder and Allied Renovation Corporation, pending in New York

State Supreme Court, Kings County (Index No. 29204/00) (the "personal injury action"). A true

and correct copy of the Amended Summons and Amended Complaint in the personal injury

action are attached as Exhibit A hereto. The Complaint was later amended to add additional

defendants to the personal injury action. A copy of the Third Amended Complaint in the

personal injury action is attached as Exhibit B hereto.

13.    The personal injury action alleges that, on March 3, 2000, Jorge Campoverde was

injured while working for Casalino Demolition Corp. at a construction site. The personal injury

action further alleges that Bruckner, Schulder and Allied Renovation Corporation were the

owners and/or general contractors and/or construction managers at the construction site and hired

Casalino Demolition Corp. to perform work at the premises.

14.    On November 26, 2001, Crawford & Company, the claims representatives for

Bruckner and Schulder, tendered the personal injury action on behalf of Bruckner and Schulder

to Arrowood on the basis that Jorge Campoverde was injured while working for a subcontractor

of Allied Renovation Corporation, and that Allied Renovation Corporation and Bruckner had

entered into an agreement covering the incident and the subject work at the construction site. A copy of the November 26, 2001 tender letter is attached as Exhibit C hereto.

15.    On February 6, 2002, based upon the tender letter of November 26, 2001, Arrowood accepted the tender on behalf of Bruckner and Schulder in the personal injury action and assigned defense counsel to represent Bruckner and Schulder in the personal injury action. A copy of the February 6, 2002 letter by Arrowood is attached as Exhibit D hereto.

16.    By letter dated February 11, 2002, prior counsel for Bruckner and Schulder in the personal injury action reiterated that Allied Renovation Corporation and Bruckner had entered into an agreement covering the incident and the subject work at the construction site. A copy of the February 11, 2002 letter is attached as Exhibit E hereto.

17.    During discovery in the personal injury action, it was discovered and confirmed that Allied Renovation Corporation had not performed any work for Bruckner and/or Schulder, or any other entity or person, at the construction site and that the agreement entered into between Allied Renovation Corporation and Bruckner did not relate to the construction site. Thereafter, the Court in the personal injury action dismissed Allied Renovation Corporation as a party to the personal injury action.

18.    After confirming that Allied Renovation Corporation did not perform any work at the construction site, and had no agreement with Bruckner and/or Schulder related to the construction site that created coverage for Bruckner and Schulder as additional insureds under the Arrowood Policy, Arrowood retendered the defense and indemnification of Bruckner and Schulder back to prior defense counsel as well as OneBeacon, Bruckner's own carrier, demanding that they resume the defense of Bruckner and Schulder in the personal injury action.

4

19.    OneBeacon has responded that it will not re-assume the defense of Bruckner and Schulder in the personal injury action, even though it has been determined that this loss did not arise out of Arrowood's insured Allied Renovation Corporation's work or operations and that there is no agreement between Allied Renovation Corporation and Bruckner relating to the construction site.

### Declaratory Relief Is Appropriate

20.    An actual controversy has arisen and exists between Arrowood, on the one hand, and Bruckner and Schulder, on the other, relating to the legal rights and duties of the parties under the Arrowood Policy with respect to the claims made in the personal injury action.

21.    Bruckner and Schulder contend that Arrowood has a duty to defend and indemnify Bruckner and Schulder in the personal injury action under the Arrowood Policy. Arrowood contends that, under the Arrowood Policy, it does not have, and that it never had, a duty to defend or indemnify Bruckner and Schulder in connection with the claims made in the personal injury action for the following reasons:

a.  Arrowood has no duty to defend or indemnify Bruckner and Schulder pursuant to the terms, conditions, exclusions and limitations to the Arrowood Policy, and/or based upon law or fact;

b.  Bruckner and Schulder are not listed as insureds under the Arrowood Policy;

c.  Bruckner and Schulder are not insureds under the additional insured endorsement in the Arrowood Policy;

5

    d. Bruckner and Schulder failed to provide timely notice of an occurrence, offense or suit pursuant to the terms and conditions of the Arrowood Policy;

    e. the harm or injuries in the personal injury action are not alleged to be, nor have they been, fortuitous;

    f. Arrowood reserves the right to assert any and all other additional reasons or bases for their position that coverage does not exist under the Arrowood Policy for the claims asserted against Bruckner and Schulder in the personal injury action.

### FIRST CAUSE OF ACTION
(For Declaratory Relief)

22.    Arrowood realleges paragraphs "1" through "21" as though fully set forth herein.

23.    Arrowood does not have, nor ever had, a duty to defend Bruckner and Schulder in connection with the personal injury action and is entitled to a declaration to that effect.

### SECOND CAUSE OF ACTION
(For Declaratory Relief)

24.    Arrowood realleges paragraphs "1" through "23" as though fully set forth herein.

25.    Arrowood does not have, nor ever had, a duty to indemnify Bruckner and Schulder in connection with the personal injury action and is entitled to a declaration to that effect.

### THIRD CAUSE OF ACTION
(For Declaratory Relief)

26.    Arrowood realleges paragraphs "1" through "25" as though fully set forth herein.

27.    In the event the Court determines that Arrowood owes a duty to defend Bruckner and/or Schulder in connection with the personal injury action, then such duty to defend is limited

to paying only those necessary and reasonable costs expended for that claim or those claims for relief that are within the coverage of the Arrowood Policy.

## FOURTH CAUSE OF ACTION
(For Reimbursement Of Defense Costs)

28.    Arrowood repeats and realleges paragraphs "1" through "27" as though more fully set forth herein.

29.    Arrowood does not have a duty to defend or indemnify and/or never had a duty to defend or indemnify Bruckner and/or Schulder in connection with the personal injury action.

30.    Arrowood agreed to conditionally advance the reasonable and necessary costs incurred by Bruckner and Schulder in defending the personal injury action under the assumption that Jorge Campoverde was injured while working for a subcontractor of Allied Renovation Corporation, and that Allied Renovation Corporation and Bruckner had entered into an agreement covering the incident and the subject work at the construction site that created coverage for Bruckner and Schulder as additional insureds under the Arrowood Policy.

31.    It has been confirmed that Allied Renovation Corporation had not performed any work for Bruckner and/or Schulder, or any other entity or person, at the construction site and that the agreement entered into between Allied Renovation Corporation and Bruckner did not relate to the construction site.

32.    Both OneBeacon and prior defense counsel for Bruckner and Schulder have refused to re-assume the defense of Bruckner and Schulder in the personal injury action

33.    Arrowood has advanced to Bruckner and Schulder their costs for the defense of the personal injury action. Arrowood is entitled to a declaration that it is under no duty to defend Bruckner and Schulder.

34.     Arrowood is entitled to reimbursement from Bruckner and Schulder for all or a portion of the defense costs and attorney's fees paid to or on behalf of Bruckner and Schulder for the defense of the personal injury action.

## FIFTH CAUSE OF ACTION
(For Unjust Enrichment)

35.     Arrowood repeats and realleges paragraphs "1" through "34" as though more fully set forth herein.

36.     Arrowood does not have a duty to defend or indemnify and/or never had a duty to defend or indemnify Bruckner and Schulder in connection with the personal injury action.

37.     Arrowood has advanced to Bruckner and Schulder their costs for the defense of the personal injury action.

38.     Bruckner and Schulder would be unjustly enriched if Bruckner and Schulder are allowed to retain the benefits of the monies paid by Arrowood, which monies Arrowood was never obligated to pay.

39.     Arrowood is entitled to reimbursement from Bruckner and Schulder of the defense costs and attorney's fees paid to or on behalf of Bruckner and Schulder for the defense of the personal injury action.

WHEREFORE, Plaintiff Arrowood Surplus Lines Insurance Company, successor in interest to Royal Surplus Lines Insurance Company, requests that the Court enter judgment:

        A.     Declaring that the Arrowood Policy does not obligate Arrowood to defend or indemnify Bruckner and/or Schulder for any amounts in connection with the personal injury action;

8

B.     For reimbursement to Arrowood for any and all amounts which it has paid

to or on the behalf of Bruckner and Schulder for defense of the personal

injury action;

C.     Declaring that in the event the Court determines that Arrowood owes a

duty to defend Bruckner and/or Schulder in connection with the personal

injury action, then such duty to defend is limited to paying only necessary

and reasonable costs expended;

D.     Determining the rights and obligations of all parties based on the terms,

conditions, exclusions and limitations contained in the Arrowood Policy;

E.     Awarding Arrowood its costs in this action; and

F.     Awarding Arrowood such other and further relief as this Court deems just

and proper.

Dated: Uniondale, New York
       October 4, 2007

Respectfully submitted,

RIVKIN RADLER LLP

Celeste M. Butera (CMB-5659)
M. Paul Gorfinkel (MPG-2069)
Jason B. Gurdus (JG-3293)
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000

Attorneys for Plaintiff
Arrowood Surplus Lines Insurance Company,
successor in interest to Royal Surplus Lines
Insurance Company

2075171 v2

9

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------X

JORGE CAMPOVERDE,

                              Plaintiff,

        - against -

BRUCKNER PLAZA ASSOCIATES, L.P., BRUCKNER
PLAZA, CORP., ESTHER SCHULDER, and ALLIED
RENOVATION, CORP.,

                              Defendants.

-----------------------------------------------------------X

Index No.: 29204/00

**AMENDED SUMMONS**

Plaintiff designates KINGS
County as the place of trial

The basis of venue is
Plaintiff's Residence

Plaintiff's address is:
260 Jefferson Street
Brooklyn, New York 11237
County of Kings

TO: THE ABOVE NAMED DEFENDANTS

        **YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice
of appearance on plaintiffs' attorney within 20 days after service of this summons,
exclusive of the day of service, or within 30 days after service is complete if this
summons is not personally delivered to you within the State of New York. In case of
your failure to answer, Judgment will be taken against you by default for the relief
demanded in the Complaint.

DATED:        New York, New York
              June 12, 2001

                              Yours, etc.,

                              Christopher J. Gorayeb
                              GORAYEB & ASSOCIATES, P.C.
                              Attorney for Plaintiff, JORGE CAMPOVERDE
                              136 Church Street
                              New York, NY 10007
                              (212) 267-9222/3891/CJG/alm

TO:   Bruce A. Lawrence, Esq.
      Attorney for Defendants
      BRUCKNER PLAZA ASSOCIATES, L.P.
      BRUCKNER PLAZA, CORP. and ESTHER SCHULDER
      One Metrotech Center North, 11th Floor
      Brooklyn, New York 11201-3857
      (718) 625-8940

      **ALLIED RENOVATION, CORP.**
      36-30 37th Street, Long Island City, New York 11101

Law Offices
RAYEB & ASSOCIATES, P.C.
136 CHURCH STREET
W YORK, NEW YORK 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X

JORGE CAMPOVERDE,                                          **VERIFIED**
                                                          **AMENDED**
                                    Plaintiff,             **COMPLAINT**

                                                          Index No.: 29204/00
        - against -

BRUCKNER PLAZA ASSOCIATES, L.P., BRUCKNER
PLAZA, CORP., and ESTHER SCHULDER and
ALLIED RENOVATION, CORP.,

                                    Defendants.
------------------------------------------------------------X

        Plaintiff, **JORGE CAMPOVERDE** by his attorney, GORAYEB &

ASSOCIATES, P.C., complaining of the defendants herein, respectfully shows to this

Court, and alleges as follows:

1.      That at all times hereinafter mentioned, the plaintiff, **JORGE**
        **CAMPOVERDE** resides at 260 Jefferson Street, Brooklyn, New York.

2.      That this action falls within one or more of the exceptions set forth in
        CPLR § 1602.

3.      That at all times hereinafter mentioned, the defendant, **BRUCKNER**
        **PLAZA ASSOCIATES, L.P., (hereinafter "BRUCKNER, L.P")** was
        and still is a domestic corporation duly organized and existing under
        and by virtue of the laws of the State of New York.

4.      That at all times herein mentioned, **BRUCKNER, L.P.** was and still is a
        partnership, organized and existing under and by virtue of the Laws of
        the State of New York.

5.      That at all times herein mentioned, **BRUCKNER, L.P.,** was and still is a
        foreign corporation authorized to do business in the State of New York.

6.      That at all times herein mentioned, **BRUCKNER, L.P.** was and still is
        Limited Partnership authorized to do business in the State of New York.

7.      That at all times hereinafter mentioned, **BRUCKNER, L.P.** maintained a principal place of business in the State of New York with an office in care of Kushner Companies, 26 Columbia Turnpike, Florham Park, New Jersey 07932.

8.      That at all times hereinafter mentioned, the defendant, **BRUCKNER PLAZA, CORP., (hereinafter "BRUCKNER, CORP.")** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      That at all times herein mentioned, **BRUCKNER, CORP.** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

10.     That at all times herein mentioned, **BRUCKNER, CORP.,** was and still is a foreign corporation authorized to do business in the State of New York.

11.     That at all times herein mentioned, **BRUCKNER, CORP.,** was and still is Limited Partnership authorized to do business in the State of New York.

12.     That at all times hereinafter mentioned, **BRUCKNER, CORP.** maintained a principal place of business in the State of New York with at 26 Columbia Turnpike, Florham Park, New Jersey 07932.

13.     That at all times hereinafter mentioned, defendant, **ESTHER SCHULDER (hereinafter "SCHULDER"),** resided at 47 Crestwood Drive, West Orange, New Jersey.

14.     That at all times hereinafter mentioned, **SCHULDER,** maintained a principal place of business in the State of New Jersey with at 26 Columbia Turnpike, Florham Park, New Jersey 07932.

15.     That at all times hereinafter mentioned, **SCHULDER,** was a partner of

Law Offices
KNAYEB & ASSOCIATES, P.C.
136 CHURCH STREET
EW YORK  NEW YORK 10007

**BRUCKNER, L.P.**

16. That at all times hereinafter mentioned, **SCHULDER**, was a limited partner of **BRUCKNER, L.P.**

17. That at all times hereinafter mentioned, the defendant, **ALLIED RENOVATION, CORP., (hereinafter "ALLIED")** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

18. That at all times herein mentioned, **ALLIED** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

19. That at all times herein mentioned, **ALLIED** was and still is a foreign corporation authorized to do business in the State of New York.

20. That at all times herein mentioned, **ALLIED** was and still is Limited Partnership authorized to do business in the State of New York.

21. That at all times hereinafter mentioned, **ALLIED** maintained a principal place of business in the State of New York with at 36-30 37th Street, Long Island City, New York 11101.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

22. Plaintiff, **JORGE CAMPOVERDE** repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" together with the same force and effect as though same were more fully set forth at length herein.

23. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, L.P.** owned a building and structure located at 845 White Plains Road, Bronx, New York.

Law Offices
DRAYEB & ASSOCIATES, P.C.
138 CHURCH STREET
EW YORK, NEW YORK 10007

24. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, L.P.** operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

25. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, L.P.** controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

26. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, L.P.**, was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New York.

27. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, L.P.** entered into a agreement and contract by which **BRUCKNER, L.P.** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx, New York.

28. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, L.P.**, was hired and/or retained pursuant to a written contract and/or agreement.

29. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, **BRUCKNER, L.P.** hired and/or retained **CASALINO DEMOLITION, CORP.** to perform work at the aforesaid premises.

30. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, **CASALINO DEMOLITION, CORP.** was hired and/or retained

Law Offices
GORAYEB & ASSOCIATES, P.C.
136 CHURCH STREET
NEW YORK, NEW YORK 10007

pursuant to a written contract or agreement.

31. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, the Plaintiff **JORGE CAMPOVERDE** was an employee of **CASALINO DEMOLITION, CORP.**

32. That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, **BRUCKNER, L.P.**, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 845 White Plains Road, Bronx, New York.

33. That the defendant, **BRUCKNER, L.P.**, its agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work.

34. That the defendant, **BRUCKNER, L.P.**, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

35. That at all times hereinafter mentioned on or prior to March 3, 2000, while plaintiff **JORGE CAMPOVERDE** was lawfully engaged in his employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby sustaining severe and permanent injuries through no fault of his own.

36. That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site that constituted a danger, nuisance and menace to the safety of the plaintiff; in causing

Law Offices
RAYEB & ASSOCIATES, P.C
136 CHURCH STREET
EW YORK, NEW YORK 10007

and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in causing the plaintiff to work and to be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, shore, equip, place, guard, arrange and maintain the construction site at the aforesaid premises so as to give proper protection to the plaintiff, all in reckless disregard to the rights of the plaintiff and in violation of applicable laws, statutes and ordinances, including, but not limited to §§200, 240 & 241 of the Labor Law of the State of New York; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the workplace.

37.    That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

38.    That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

39.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

Law Offices
ORAYEB & ASSOCIATES, P.C.
136 CHURCH STREET
SW YORK, NEW YORK 10007

## AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF JORGE CAMPOVERDE

40. Plaintiff, **JORGE CAMPOVERDE** repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" together with the same force and effect as though same were more fully set forth at length herein.

41. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.** owned a building and structure located at 845 White Plains Road, Bronx, New York.

42. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.** operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

43. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.** controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

44. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.**, was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New York.

45. That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.** entered into a agreement and contract by which **BRUCKNER, CORP.** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx,

Law Offices
AYEB & ASSOCIATES, P.C.
136 CHURCH STREET
V YORK, NEW YORK 10007

New York.

46.     That at all times hereinafter mentioned on or prior to March 3, 2000,
        **BRUCKNER, CORP.**, was hired and/or retained pursuant to a written
        contract and/or agreement.

47.     That at all times hereinafter mentioned, and on, or prior to, March 3,
        2000, **BRUCKNER, CORP.** hired and/or retained **CASALINO
        DEMOLITION, CORP.** to perform work at the aforesaid premises.

48.     That at all times hereinafter mentioned, and on, or prior to, March 3,
        2000. **CASALINO DEMOLITION, CORP.** was hired and/or retained
        pursuant to a written contract or agreement.

49.     That at all times hereinafter mentioned, and on, or prior to, March 3,
        2000, the Plaintiff **JORGE CAMPOVERDE** was an employee of
        **CASALINO DEMOLITION, CORP.**

50.     That at all times hereinafter mentioned on or prior to March 3, 2000, the
        defendant, **BRUCKNER, CORP.**, its agents, servants and/or
        employees were engaged in performing construction work, labor and/or
        services upon the premises located at 845 White Plains Road, Bronx,
        New York.

51.     That the defendant, **BRUCKNER, CORP.**, its agents, servants and/or
        employees had the duty to provide the plaintiff with a safe place to
        work.

52.     That the defendant, **BRUCKNER, CORP.**, its agents, servants and/or
        employees had the non-delegable duty to see that the work site was
        kept reasonably safe and free of dangers and hazards to those workers
        lawfully thereat.

53.     That at all times hereinafter mentioned on or prior to March 3, 2000,
        while plaintiff **JORGE CAMPOVERDE** was lawfully engaged in his

Law Offices
RAYEB & ASSOCIATES, P.C.
136 CHURCH STREET
W YORK, NEW YORK 10007

employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby sustaining severe and permanent injuries through no fault of his own.

54.   That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site that constituted a danger, nuisance and menace to the safety of the plaintiff; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in causing the plaintiff to work and to be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, shore, equip, place, guard, arrange and maintain the construction site at the aforesaid premises so as to give proper protection to the plaintiff, all in reckless disregard to the rights of the plaintiff and in violation of applicable laws, statutes and ordinances, including, but not limited to §§200, 240 & 241 of the Labor Law of the State of New York; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the workplace.

55.   That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

56.   That the accident and the injuries resulting therefrom were caused

Law Offices
3AYEB & ASSOCIATES, P.C.
136 CHURCH STREET
W YORK, NEW YORK 10007

solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

57.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

58.    Plaintiff, JORGE CAMPOVERDE repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" together with the same force and effect as though same were more fully set forth at length herein.

59.    That at all times hereinafter mentioned on or prior to March 3, 2000, SCHULDER owned a building and structure located at 845 White Plains Road, Bronx, New York.

60.    That at all times hereinafter mentioned on or prior to March 3, 2000, SCHULDER operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

61.    That at all times hereinafter mentioned on or prior to March 3, 2000, SCHULDER controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

62.    That at all times hereinafter mentioned on or prior to March 3, 2000, SCHULDER, was hired and/or retained to act as the general contractor

and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New York.

63. That at all times hereinafter mentioned on or prior to March 3, 2000, **SCHULDER** entered into a agreement and contract by which **SCHULDER** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx, New York.

64. That at all times hereinafter mentioned on or prior to March 3, 2000, **SCHULDER**, was hired and/or retained pursuant to a written contract and/or agreement.

65. That at all times hereinafter mentioned, and. on, or prior to, March 3, 2000, **SCHULDER** hired and/or retained **CASALINO DEMOLITION, CORP.** to perform work at the aforesaid premises.

66. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, **CASALINO DEMOLITION, CORP.** was hired and/or retained pursuant to a written contract or agreement.

67. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, the Plaintiff **JORGE CAMPOVERDE** was an employee of **CASALINO DEMOLITION, CORP.**

68. That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, **SCHULDER**, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 845 White Plains Road, Bronx, New York.

69. That the defendant, **SCHULDER**, its agents, servants and/or

Law Offices
JORAYEB & ASSOCIATES, PC.
136 CHURCH STREET
NEW YORK. NEW YORK 10007

employees had the duty to provide the plaintiff with a safe place to work.

70.  That the defendant, **SCHULDER**, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

71.  That at all times hereinafter mentioned on or prior to March 3, 2000, while plaintiff **JORGE CAMPOVERDE** was lawfully engaged in his employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby sustaining severe and permanent injuries through no fault of his own.

72.  That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site that constituted a danger, nuisance and menace to the safety of the plaintiff; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in causing the plaintiff to work and to be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, shore, equip, place, guard, arrange and maintain the construction site at the aforesaid premises so as to give proper protection to the plaintiff, all in reckless disregard to the rights of the plaintiff and in violation of applicable laws, statutes and

Law Offices
AYEB & ASSOCIATES, P.C.
136 CHURCH STREET
Y YORK, NEW YORK 10007

ordinances, including, but not limited to §§200, 240 & 241 of the Labor Law of the State of New York; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the workplace.

73.    That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

74.    That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

75.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of **FIVE MILLION ($5,000,000.00) DOLLARS.**

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

76.    Plaintiff, **JORGE CAMPOVERDE** repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "75" together with the same force and effect as though same were more fully set forth at length herein.

77.    That at all times hereinafter mentioned on or prior to March 3, 2000, **ALLIED** owned a building and structure located at 845 White Plains Road, Bronx, New York.

Law Offices
ORAYEB & ASSOCIATES, P.C.
136 CHURCH STREET
NEW YORK, NEW YORK 10007

78.    That at all times hereinafter mentioned on or prior to March 3, 2000,
       **ALLIED** operated, maintained, controlled and managed a building and
       structure located at 845 White Plains Road, Bronx, New York.

79.    That at all times hereinafter mentioned on or prior to March 3, 2000,
       **ALLIED** controlled and managed a building and structure located at
       845 White Plains Road, Bronx, New York.

80.    That at all times hereinafter mentioned on or prior to March 3, 2000,
       **ALLIED**, was hired and/or retained to act as the general contractor
       and/or construction manager for the construction, renovation and/or
       alteration of premises located at 845 White Plains Road, Bronx, New
       York.

81.    That at all times hereinafter mentioned on or prior to March 3, 2000,
       **ALLIED** entered into a agreement and contract by which **ALLIED** was
       to provide certain work, labor, services and material as the general
       contractor and or construction manager with respect to certain
       construction work, labor and services concerning the construction of the
       premises located at 845 White Plains Road, Bronx, New York.

82.    That at all times hereinafter mentioned on or prior to March 3, 2000,
       **ALLIED**, was hired and/or retained pursuant to a written contract and/or
       agreement.

83.    That at all times hereinafter mentioned, and on, or prior to, March 3,
       2000, **ALLIED** hired and/or retained **CASALINO DEMOLITION, CORP.**
       to perform work at the aforesaid premises.

84.    That at all times hereinafter mentioned, and on, or prior to, March 3,
       2000, **CASALINO DEMOLITION, CORP.** was hired and/or retained
       pursuant to a written contract or agreement.

85.    That at all times hereinafter mentioned, and on, or prior to, March 3,

Law Offices
)RAYEB & ASSOCIATES, P.C.
136 CHURCH STREET
EW YORK, NEW YORK 10007

2000, the Plaintiff **JORGE CAMPOVERDE** was an employee of **CASALINO DEMOLITION, CORP.**

86.   That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, **ALLIED,** its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 845 White Plains Road, Bronx, New York.

87.   That the defendant, **ALLIED,** its agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work.

88.   That the defendant, **ALLIED,** its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

89.   That at all times hereinafter mentioned on or prior to March 3, 2000, while plaintiff **JORGE CAMPOVERDE** was lawfully engaged in his employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby sustaining severe and permanent injuries through no fault of his own.

90.   That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site that constituted a danger, nuisance and menace to the safety of the plaintiff; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in causing the plaintiff to work and to be

Law Offices
DRAYEB & ASSOCIATES, P.C.
136 CHURCH STREET
IEW YORK, NEW YORK 10007

employed in a hazardous place under dangerous circumstances
without the benefit of adequate and appropriate protection for his safety
and welfare; in failing to construct, shore, equip, place, guard, arrange
and maintain the construction site at the aforesaid premises so as to
give proper protection to the plaintiff, all in reckless disregard to the
rights of the plaintiff and in violation of applicable laws, statutes and
ordinances, including, but not limited to §§200, 240 & 241 of the Labor
Law of the State of New York; and in being otherwise reckless, careless
and negligent in operating, equipping, arranging, guarding, constructing
and maintaining the workplace.

91.   That the defendant, its agents, servants and or employees had actual
and/or constructive notice of the dangerous and defective conditions
existing upon the work site.

92.   That the accident and the injuries resulting therefrom were caused
solely and wholly by reason of the negligence of the defendant, its
agents, servants and/or employees without any fault, want of care or
culpable conduct on the part of the plaintiff contributing thereto.

93.   That by reason of the foregoing, the plaintiff has been rendered sick,
sore, lame maimed and disabled and so remains. That he has been
unable to attend to his usual vocation and activities and that he has
been obliged to expend and will expend in the future, sums of money
for medical aid and attention, all to his damage in the sum of FIVE
MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

94.   Plaintiff, JORGE CAMPOVERDE, repeats, reiterates and realleges
each and every allegation contained in the paragraphs designated "1"

Law Offices
RAYEB & ASSOCIATES, PC.
136 CHURCH STREET
W YORK, NEW YORK 10007

through "93" with the same force and effect as though same were more fully set forth at length herein.

95.  That on March 3, 2000, there existed in full force and effect within the State of New York, Sections 200, 240 and 241 of the Labor Law of the State of New York.

96.  That defendants had the duty to comply with the provisions of sections 200, 240 and 241 of the Labor Law of the State of New York.

97.  That by reason of the negligence of the defendants as aforesaid, the said defendants violated Sections 200, 240 and 241 of the Labor Law of the State of New York.

98.  That on March 3, 2000, there existed Rule 23 of the Industrial Code of the State of New York.

99.  That defendants had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

100.  That by reason of the negligence of the defendants, as aforesaid, the defendants violated Rule 23 of the Industrial Code of the State of New York.

101.  That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains.  That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

Law Offices
IORAYEB & ASSOCIATES, P.C.
136 CHURCH STREET
NEW YORK, NEW YORK 10007

**WHEREFORE**, Plaintiff **JORGE CAMPOVERDE**, demands judgment against the defendants in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the First Cause of Action; the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action; the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Third Cause of Action; the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Fourth Cause of Action;   the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Fifth Cause of Action; and together with interest, costs and disbursements of this action.

Dated:     New York, New York
           June 12, 2001

                                        Yours, etc.

                                        Christopher J. Gorayeb
                                        GORAYEB & ASSOCIATES, P.C.
                                        Attorney for Plaintiff
                                        JORGE CAMPOVERDE
                                        136 Church Street
                                        New York, NY 10007
                                        (212) 267-9222/3891/CJG/alm

## ATTORNEY'S VERIFICATION

CHRISTOPHER J. GORAYEB, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of GORAYEB & ASSOCIATES, P.C., attorney of record for Plaintiff, **JORGE CAMPOVERDE**. I have read the annexed **AMENDED SUMMONS & AMENDED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorney for the plaintiff maintains its offices.

DATED:     New York, New York
           June 12, 2001

_____
CHRISTOPHER J. GORAYEB

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

JORGE CAMPOVERDE,                                    Index No. 29204/00

                        Plaintiff,

              -against-

BRUCKNER PLAZA ASSOCIATES, L.P.,
BRUCKNER PLAZA, CORP., ESTHER SCHULDER
and ALLIED RENOVATION, CORP.,

                        Defendants.

---

### AMENDED SUMMONS and AMENDED COMPLAINT

**GORAYEB & ASSOCIATES, P.C.**
Attorney for Plaintiff
JULIO CAMPOVERDE
136 CHURCH STREET
NEW YORK, NY. 10007
(212) 267-9222/3878/CJG/alm

---

Pursuant to 22 NYCRR 130-1.1-a the undersigned, an attorney admitted to practice in
the courts of New York State, certifies that to the best of his knowledge, information
and belief, formed after an inquiry reasonable under the circumstances, the
presentation of the within document(s) or the contentions therein are not frivolous as
defined in Subsection (c) of Section 130-1.1.

Dated: New York, New York
       June 12, 2001

Christopher J. Gorayeb

2001062700057