# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
———————————————————————X

JORGE CAMPOVERDE,

                 Plaintiff,

      - against -

BRUCKNER PLAZA ASSOCIATES, L.P., BRUCKNER
PLAZA, CORP., ESTHER SCHULDER, ALLIED
RENOVATION, CORP., FIRST CLASS
CONTRACTING, CORP. FISHER DEVELOPMENT,
INC. and THE GAP, INC.,

                 Defendants.
———————————————————————X

ALLIED RENOVATION CORP.,

                 Third-Party Plaintiff,

      -against –

FIRST CLASS CONTRACTING, CORP., and
CASALINO DEMOLITION,

                 Third-Party Defendant.
———————————————————————X

**THIRD
AMENDED
COMPLAINT**

Index No.: 29204/00

    Plaintiff, **JORGE CAMPOVERDE** by his attorney, GORAYEB &
ASSOCIATES, P.C., complaining of the defendants herein, respectfully shows to this
Court, and alleges as follows:

1.     That at all times hereinafter mentioned, the plaintiff, **JORGE
CAMPOVERDE** resides at 260 Jefferson Street, Brooklyn, New York.
That this action falls within one or more of the exceptions set forth in
CPLR § 1602.

3.     That at all times hereinafter mentioned, the defendant, **BRUCKNER
PLAZA ASSOCIATES, L.P., (hereinafter "BRUCKNER, L.P")** was

and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4.    That at all times herein mentioned, **BRUCKNER, L.P.** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

5.    That at all times herein mentioned, **BRUCKNER, L.P.** was and still is a Limited Partnership, duly authorized and existing under and by virtue of the laws of the State of New York.

6.    That at all times herein mentioned, **BRUCKNER, L.P.** was and still is a business entity, conducting business in the State of New York.

7.    That at all times herein mentioned, **BRUCKNER, L.P.** was and still is a foreign corporation authorized to do business in the State of New York.

8.    That at all times herein mentioned, **BRUCKNER, L.P.** should have reasonably have expected its actions to have consequences in the State of New York.

9.    That **BRUCKNER, L.P.** regularly does or solicits business in the State of New York.

10.    That **BRUCKNER, L.P.** received substantial revenue from goods used or consumed or services rendered in the State of New York.

11.    That **BRUCKNER, L.P.** committed a tort within the State of New York.

12.    That at all times hereinafter mentioned, **BRUCKNER, L.P.** maintained a principal place of business in the State of New Jersey with an office in care of Kushner Companies, 26 Columbia Turnpike, Florham Park, New Jersey 07932.

13.    That at all times hereinafter mentioned, the defendant, **BRUCKNER PLAZA, CORP., (hereinafter "BRUCKNER, CORP.")** was and still is a domestic corporation duly organized and existing under and by virtue of

the laws of the State of New York.

14.    That at all times herein mentioned, **BRUCKNER, CORP.** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

15.    That at all times herein mentioned, **BRUCKNER, CORP.** was and still is a limited partnership authorized to do business in the State of New York.

16.    That at all times herein mentioned, **BRUCKNER, CORP.** was and still That at all times herein mentioned, **BRUCKNER, CORP.** was and still is a business entity, conducting business in the State of New York.

17.    That at all times herein mentioned, **BRUCKNER, CORP.** was and still is a foreign corporation authorized to do business in the State of New York.

18.    That at all times herein mentioned, **BRUCKNER, CORP.** should have reasonably have expected its actions to have consequences in the State of New York.

19.    That **BRUCKNER, CORP.** regularly does or solicits business in the State of New York.

20.    That **BRUCKNER, CORP.** received substantial revenue from goods used or consumed or services rendered in the State of New York.

21.    That **BRUCKNER, CORP.** committed a tort within the State of New York.

22.    That at all times hereinafter mentioned, **BRUCKNER, CORP.** maintained a principal place of business in the State of New Jersey with an office at 26 Columbia Turnpike, Florham Park, New Jersey 07932.

23.    That at all times hereinafter mentioned, defendant, **ESTHER SCHULDER (hereinafter "SCHULDER")**, resided at 47 Crestwood

Drive, West Orange, New Jersey.

24.    That at all times hereinafter mentioned, **SCHULDER**, maintained a principal place of business in the State of New Jersey with an office at 26 Columbia Turnpike, Florham Park, New Jersey 07932.

25.    That at all times hereinafter mentioned, **SCHULDER**, was a partner of **BRUCKNER, L.P.**

26.    That at all times hereinafter mentioned, **SCHULDER**, was a limited partner of **BRUCKNER, L.P.**

27.    That at all times hereinafter mentioned, the defendant, **ALLIED RENOVATION, CORP., (hereinafter "ALLIED")** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

28.    That at all times herein mentioned, **ALLIED** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

29.    That at all times herein mentioned, **ALLIED** was and still is a foreign corporation authorized to do business in the State of New York.

30.    That at all times herein mentioned, **ALLIED** was and still is Limited Partnership authorized to do business in the State of New York.

31.    That at all times hereinafter mentioned, **ALLIED** maintained a principal place of business in the State of New York with an office at 36-30 37th Street, Long Island City, New York 11101.

32.    That at all times hereinafter mentioned, the defendant, **FIRST CLASS CONTRACTING, CORP, (hereinafter "FIRST CLASS")** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

33.    That at all times herein mentioned, **FIRST CLASS** was and still is a

partnership, organized and existing under and by virtue of the Laws of the State of New York.

34. That at all times herein mentioned, **FIRST CLASS** was and still is a limited partnership authorized to do business in the State of New York.

35. That at all times herein mentioned, **FIRST CLASS** was and still is a partnership, duly authorized and existing under and by virtue of the laws of the State of New York.

36. That at all times herein mentioned, **FIRST CLASS** was and still is a business entity, conducting business in the State of New York.

37. That at all times herein mentioned, **FIRST CLASS** was and still is a foreign corporation authorized to do business in the State of New York.

38. That at all times herein mentioned, **FIRST CLASS** should reasonably have expected its actions to have consequences in the State of New York.

39. That **FIRST CLASS** regularly does or solicits business in the State of New York.

40. That **FIRST CLASS** received substantial revenue from goods used or consumed or services rendered in the State of New York.

41. That **FIRST CLASS** committed a tort within the State of New York.

42. That at all times hereinafter mentioned, **FIRST CLASS** maintained a principal place of business in the State of New Jersey with a P.O. Box 2031, South Hackensack, New Jersey 07606.

43. That at all times hereinafter mentioned, the defendant, **FISHER DEVELOPMENT, INC., (hereinafter "FISHER")** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

44. That at all times herein mentioned, **FISHER** was and still is a

partnership, organized and existing under and by virtue of the Laws of the State of New York.

45.  That at all times herein mentioned, FISHER was and still is a limited partnership authorized to do business in the State of New York.

46.  That at all times herein mentioned, FISHER was and still is a partnership, duly authorized and existing under and by virtue of the laws of the State of New York.

47.  That at all times herein mentioned, FISHER was and still is a business entity, conducting business in the State of New York.

48.  That at all times herein mentioned, FISHER was and still is a foreign corporation authorized to do business in the State of New York.

49.  That at all times herein mentioned, FISHER should reasonably have expected its actions to have consequences in the State of New York.

50.  That FISHER regularly does or solicits business in the State of New York.

51.  That FISHER received substantial revenue from goods used or consumed or services rendered in the State of New York.

52.  That FISHER committed a tort within the State of New York.

53.  That at all times hereinafter mentioned, FISHER maintained a principal place of business in the State of California with an office at 1485 Bayshore Boulevard, #152, San Francisco, California 94124-3002.

54.  That at all times hereinafter mentioned, the defendant, THE GAP, INC. (hereinafter "GAP") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

55.  That at all times herein mentioned, GAP was and still is a partnership, organized and existing under and by virtue of the Laws of the State of

New York.

56. That at all times herein mentioned, **GAP** was and still is a limited partnership authorized to do business in the State of New York.

57. That at all times herein mentioned, **GAP** was and still is a partnership, duly authorized and existing under and by virtue of the laws of the State of New York.

58. That at all times herein mentioned, **GAP** was and still is a business entity, conducting business in the State of New York.

59. That at all times herein mentioned, **GAP** was and still is a foreign corporation authorized to do business in the State of New York.

60. That at all times herein mentioned, **GAP** should reasonably have expected its actions to have consequences in the State of New York.

61. That **GAP** regularly does or solicits business in the State of New York.

62. That **GAP** received substantial revenue from goods used or consumed or services rendered in the State of New York.

63. That **GAP** committed a tort within the State of New York.

64. That at all times hereinafter mentioned, **GAP** maintained a principal place of business in the State of California with an office at 900 Cherry Avenue, San Bruno, California 94066.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

65. Plaintiff, **JORGE CAMPOVERDE** repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" together with the same force and effect as though same were more fully set forth at length herein.

66. That at all times hereinafter mentioned on or prior to March 3, 2000,

BRUCKNER, L.P. owned a building and structure located at 845 White Plains Road, Bronx, New York.

67.    That at all times hereinafter mentioned on or prior to March 3, 2000, BRUCKNER, L.P. operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

68.    That at all times hereinafter mentioned on or prior to March 3, 2000, BRUCKNER, L.P. controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.



69.    That at all times hereinafter mentioned on or prior to March 3, 2000, BRUCKNER, L.P., was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New York.

70.    That at all times hereinafter mentioned on or prior to March 3, 2000, BRUCKNER, L.P. entered into a agreement and contract by which BRUCKNER, L.P. was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx, New York.

71.    That at all times hereinafter mentioned on or prior to March 3, 2000, BRUCKNER, L.P., was hired and/or retained pursuant to a written contract and/or agreement.

72.    That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, BRUCKNER, L.P. hired and/or retained CASALINO DEMOLITION, CORP. to perform work at the aforesaid premises.

73.    That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, **CASALINO DEMOLITION, CORP.** was hired and/or retained pursuant to a written contract or agreement.

74.    That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, the Plaintiff **JORGE CAMPOVERDE** was an employee of **CASALINO DEMOLITION, CORP.**

75.    That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, **BRUCKNER, L.P.**, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 845 White Plains Road, Bronx, New York.

76.    That the defendant, **BRUCKNER, L.P.**, its agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work.

77.    That the defendant, **BRUCKNER, L.P.**, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

78.    That at all times hereinafter mentioned on or prior to March 3, 2000, while plaintiff **JORGE CAMPOVERDE** was lawfully engaged in his employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby sustaining severe and permanent injuries through no fault of his own.

79.    That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe

conditions to exist at the aforesaid construction site that constituted a
danger, nuisance and menace to the safety of the plaintiff; in causing
and/or permitting hazardous and dangerous conditions to exist in
violation of law; in failing to take the necessary steps and measures to
protect the life of the plaintiff; in causing the plaintiff to work and to be
employed in a hazardous place under dangerous circumstances
without the benefit of adequate and appropriate protection for his safety
and welfare; in failing to construct, shore, equip, place, guard, arrange
and maintain the construction site at the aforesaid premises so as to
give proper protection to the plaintiff, all in reckless disregard to the
rights of the plaintiff and in violation of applicable laws, statutes and
ordinances, including, but not limited to §§200, 240 & 241 of the Labor
Law of the State of New York; and in being otherwise reckless, careless
and negligent in operating, equipping, arranging, guarding, constructing
and maintaining the workplace.

80.    That the defendant, its agents, servants and/or employees had actual
       and/or constructive notice of the dangerous and defective conditions
       existing upon the work site.

81.    That the accident and the injuries resulting therefrom were caused
       solely and wholly by reason of the negligence of the defendant, its
       agents, servants and/or employees without any fault, want of care or
       culpable conduct on the part of the plaintiff contributing thereto.

82.    That by reason of the foregoing, the plaintiff has been rendered sick,
       sore, lame maimed and disabled and so remains. That he has been
       unable to attend to his usual vocation and activities and that he has
       been obliged to expend and will expend in the future, sums of money
       for medical aid and attention, all to his damage in the sum of FIVE

MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF JORGE CAMPOVERDE

83.     Plaintiff, **JORGE CAMPOVERDE** repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "82" together with the same force and effect as though same were more fully set forth at length herein.

84.     That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.** owned a building and structure located at 845 White Plains Road, Bronx, New York.

85.     That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.** operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

86.     That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.** controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

87.     That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.**, was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New York.

88.     That at all times hereinafter mentioned on or prior to March 3, 2000, **BRUCKNER, CORP.** entered into a agreement and contract by which **BRUCKNER, CORP.** was to provide certain work, labor, services and material as the general contractor and or construction manager with

respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx, New York.

89.    That at all times hereinafter mentioned on or prior to March 3, 2000, BRUCKNER, CORP., was hired and/or retained pursuant to a written contract and/or agreement.

90.    That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, BRUCKNER, CORP. hired and/or retained CASALINO DEMOLITION, CORP. to perform work at the aforesaid premises.

91.    That at all times hereinafter mentioned, and on, or prior to, March 3, 2000. CASALINO DEMOLITION, CORP. was hired and/or retained pursuant to a written contract or agreement.

92.    That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, the Plaintiff JORGE CAMPOVERDE was an employee of CASALINO DEMOLITION, CORP.

93.    That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, BRUCKNER, CORP., its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 845 White Plains Road, Bronx, New York.

94.    That the defendant, BRUCKNER, CORP., its agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work.

95.    That the defendant, BRUCKNER, CORP., its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

96.    That at all times hereinafter mentioned on or prior to March 3, 2000,
       while plaintiff **JORGE CAMPOVERDE** was lawfully engaged in his
       employment in the construction, reconstruction and/or renovation of the
       aforementioned premises, he was struck by a falling object, thereby
       sustaining severe and permanent injuries through no fault of his own.

97.    That the aforementioned occurrence and the results thereof, including
       the injuries sustained by the plaintiff, were caused by and due to the
       joint, concurrent and several negligence of the defendant, its agents,
       servants, employees and/or licensees in failing to provide the plaintiff
       with a safe place to work; in causing and/or permitting unsafe
       conditions to exist at the aforesaid construction site that constituted a
       danger, nuisance and menace to the safety of the plaintiff; in causing
       and/or permitting hazardous and dangerous conditions to exist in
       violation of law; in failing to take the necessary steps and measures to
       protect the life of the plaintiff; in causing the plaintiff to work and to be
       employed in a hazardous place under dangerous circumstances
       without the benefit of adequate and appropriate protection for his safety
       and welfare; in failing to construct, shore, equip, place, guard, arrange
       and maintain the construction site at the aforesaid premises so as to
       give proper protection to the plaintiff, all in reckless disregard to the
       rights of the plaintiff and in violation of applicable laws, statutes and
       ordinances, including, but not limited to §§200, 240 & 241 of the Labor
       Law of the State of New York; and in being otherwise reckless, careless
       and negligent in operating, equipping, arranging, guarding, constructing
       and maintaining the workplace.

98.    That the defendant, its agents, servants and/or employees had actual
       and/or constructive notice of the dangerous and defective conditions

existing upon the work site.

99.     That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

100.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of **FIVE MILLION ($5,000,000.00) DOLLARS.**

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

101.    Plaintiff, **JORGE CAMPOVERDE** repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "100" together with the same force and effect as though same were more fully set forth at length herein.

102.    That at all times hereinafter mentioned on or prior to March 3, 2000, **SCHULDER** owned a building and structure located at 845 White Plains Road, Bronx, New York.

103.    That at all times hereinafter mentioned on or prior to March 3, 2000, **SCHULDER** operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

104.    That at all times hereinafter mentioned on or prior to March 3, 2000, **SCHULDER** controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

105.   That at all times hereinafter mentioned on or prior to March 3, 2000, **SCHULDER**, was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New York.

106.   That at all times hereinafter mentioned on or prior to March 3, 2000, **SCHULDER** entered into a agreement and contract by which **SCHULDER** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx, New York.

107.   That at all times hereinafter mentioned on or prior to March 3, 2000, **SCHULDER**, was hired and/or retained pursuant to a written contract and/or agreement.

108.   That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, **SCHULDER** hired and/or retained **CASALINO DEMOLITION, CORP.** to perform work at the aforesaid premises.

109.   That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, **CASALINO DEMOLITION, CORP.** was hired and/or retained pursuant to a written contract or agreement.

110.   That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, the Plaintiff **JORGE CAMPOVERDE** was an employee of **CASALINO DEMOLITION, CORP.**

111.   That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, **SCHULDER**, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon

the premises located at 845 White Plains Road, Bronx, New York.

112.   That the defendant, **SCHULDER**, its agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work.

113.   That the defendant, **SCHULDER**, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

114.   That at all times hereinafter mentioned on or prior to March 3, 2000, while plaintiff **JORGE CAMPOVERDE** was lawfully engaged in his employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby sustaining severe and permanent injuries through no fault of his own.

115.   That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site that constituted a danger, nuisance and menace to the safety of the plaintiff; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in causing the plaintiff to work and to be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, shore, equip, place, guard, arrange and maintain the construction site at the aforesaid premises so as to

give proper protection to the plaintiff, all in reckless disregard of the rights of the plaintiff and in violation of applicable statute, statutes and ordinances, including but not limited to §§ 200, 240, 241 of the Labor Law of the State of New York, and in being otherwise reckless, careless and negligent in operating, equipping, arranging, supplying, constructing and maintaining the workplace.

That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

118.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains.  That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

119.    Plaintiff, JORGE CAMPOVERDE repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "118" together with the same force and effect as though same were more fully set forth at length herein.

20.    That at all times hereinafter mentioned on or prior to March 3, 2000,

ALLIED owned a building and structure located at 845 White Plains Road, Bronx, New York.

121.    99.    That at all times hereinafter mentioned on or prior to March 3, 2000, ALLIED operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

122.    That at all times hereinafter mentioned on or prior to March 3, 2000, ALLIED controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

123.    That at all times hereinafter mentioned on or prior to March 3, 2000, ALLIED, was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New York.

124.    That at all times hereinafter mentioned on or prior to March 3, 2000, ALLIED entered into a agreement and contract by which ALLIED was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx, New York.

125.    That at all times hereinafter mentioned on or prior to March 3, 2000, ALLIED, was hired and/or retained pursuant to a written contract and/or agreement.

126.    That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, ALLIED hired and/or retained CASALINO DEMOLITION, CORP. to perform work at the aforesaid premises.

127.    That at all times hereinafter mentioned, and on, or prior to, March 3,

2000, CASALINO DEMOLITION, CORP. was hired and/or retained pursuant to a written contract or agreement.

128. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, the Plaintiff JORGE CAMPOVERDE was an employee of CASALINO DEMOLITION, CORP.

129. That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, ALLIED, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 845 White Plains Road, Bronx, New York.

130. That the defendant, ALLIED, its agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work.

131. That the defendant, ALLIED, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

132. That at all times hereinafter mentioned on or prior to March 3, 2000, while plaintiff JORGE CAMPOVERDE was lawfully engaged in his employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby sustaining severe and permanent injuries through no fault of his own.

133. That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site that constituted a danger, nuisance and menace to the safety of the plaintiff; in causing

and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in causing the plaintiff to work and to be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, shore, equip, place, guard, arrange and maintain the construction site at the aforesaid premises so as to give proper protection to the plaintiff, all in reckless disregard to the rights of the plaintiff and in violation of applicable laws, statutes and ordinances, including, but not limited to §§200, 240 & 241 of the Labor Law of the State of New York; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the workplace.

134.   That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

135.   That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

136.   That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of **FIVE** MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

137.    Plaintiff, JORGE CAMPOVERDE repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "136" together with the same force and effect as though same were more fully set forth at length herein.

138.    That at all times hereinafter mentioned on or prior to March 3, 2000, FIRST CLASS owned a building and structure located at 845 White Plains Road, Bronx, New York.

139.    That at all times hereinafter mentioned on or prior to March 3, 2000, FIRST CLASS operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

140.    That at all times hereinafter mentioned on or prior to March 3, 2000, FIRST CLASS controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

141.    That at all times hereinafter mentioned on or prior to March 3, 2000, FIRST CLASS, was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New York.

142.    That at all times hereinafter mentioned on or prior to March 3, 2000, FIRST CLASS entered into a agreement and contract by which FIRST CLASS was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx, New York.

143. That at all times hereinafter mentioned on or prior to March 3, 2000, FIRST CLASS, was hired and/or retained pursuant to a written contract and/or agreement.

144. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000 FIRST CLASS hired and/or retained CASALINO DEMOLITION, CORP. to perform work at the aforesaid premises.

145. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, CASALINO DEMOLITION, CORP. was hired and/or retained pursuant to a written contract or agreement.

146. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, the Plaintiff JORGE CAMPOVERDE was an employee of CASALINO DEMOLITION, CORP.

147. That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, FIRST CLASS, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 845 White Plains Road, Bronx, New York.

148. That the defendant, FIRST CLASS, its agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work.

149. That the defendant, FIRST CLASS, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

150. That at all times hereinafter mentioned on or prior to March 3, 2000, while plaintiff JORGE CAMPOVERDE was lawfully engaged in his employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby

sustaining severe and permanent injuries through no fault of his own.

151.    That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site that constituted a danger, nuisance and menace to the safety of the plaintiff; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in causing the plaintiff to work and to be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, shore, equip, place, guard, arrange and maintain the construction site at the aforesaid premises so as to give proper protection to the plaintiff, all in reckless disregard to the rights of the plaintiff and in violation of applicable laws, statutes and ordinances, including, but not limited to §§200, 240 & 241 of the Labor Law of the State of New York; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the workplace.

152.    That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

153.    That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or

culpable conduct on the part of the plaintiff contributing thereto.

154. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of **FIVE MILLION ($5,000,000.00) DOLLARS.**

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

155. Plaintiff, **JORGE CAMPOVERDE** repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "154" together with the same force and effect as though same were more fully set forth at length herein.

156. That at all times hereinafter mentioned on or prior to March 3, 2000, FISHER owned a building and structure located at 845 White Plains Road, Bronx, New York.

157. That at all times hereinafter mentioned on or prior to March 3, 2000, FISHER operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

158. That at all times hereinafter mentioned on or prior to March 3, 2000, FISHER controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

159. That at all times hereinafter mentioned on or prior to March 3, 2000, FISHER, was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New

York.

160.   That at all times hereinafter mentioned on or prior to March 3, 2000, FISHER entered into a agreement and contract by which FISHER was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx, New York.

161.   That at all times hereinafter mentioned on or prior to March 3, 2000, FISHER was hired and/or retained pursuant to a written contract and/or agreement.

162.   That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, FISHER hired and/or retained CASALINO DEMOLITION, CORP. to perform work at the aforesaid premises.

163.   That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, CASALINO DEMOLITION, CORP. was hired and/or retained pursuant to a written contract or agreement.

164.   That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, the Plaintiff JORGE CAMPOVERDE was an employee of CASALINO DEMOLITION, CORP.

165.   That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, FISHER, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 845 White Plains Road, Bronx, New York.

166.   That the defendant, FISHER, its agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work.

167.   That the defendant, FISHER, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept

reasonably safe and free of dangers and hazards to those workers lawfully thereat.

168. That at all times hereinafter mentioned on or prior to March 3, 2000, while plaintiff **JORGE CAMPOVERDE** was lawfully engaged in his employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby sustaining severe and permanent injuries through no fault of his own.

169. That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site that constituted a danger, nuisance and menace to the safety of the plaintiff; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in causing the plaintiff to work and to be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, shore, equip, place, guard, arrange and maintain the construction site at the aforesaid premises so as to give proper protection to the plaintiff, all in reckless disregard to the rights of the plaintiff and in violation of applicable laws, statutes and ordinances, including, but not limited to §§200, 240 & 241 of the Labor Law of the State of New York; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the workplace.

170. That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

171. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

172. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

173. Plaintiff, JORGE CAMPOVERDE repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "172" together with the same force and effect as though same were more fully set forth at length herein.

174. That at all times hereinafter mentioned on or prior to March 3, 2000, GAP owned a building and structure located at 845 White Plains Road, Bronx, New York.

175. That at all times hereinafter mentioned on or prior to March 3, 2000, GAP operated, maintained, controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

176. That at all times hereinafter mentioned on or prior to March 3, 2000,

GAP controlled and managed a building and structure located at 845 White Plains Road, Bronx, New York.

177. That at all times hereinafter mentioned on or prior to March 3, 2000, GAP, was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 845 White Plains Road, Bronx, New York.

178. That at all times hereinafter mentioned on or prior to March 3, 2000, GAP entered into a agreement and contract by which GAP was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 845 White Plains Road, Bronx, New York.

179. That at all times hereinafter mentioned on or prior to March 3, 2000, GAP, was hired and/or retained pursuant to a written contract and/or agreement.

180. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, GAP hired and/or retained CASALINO DEMOLITION, CORP. to perform work at the aforesaid premises.

181. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, CASALINO DEMOLITION, CORP. was hired and/or retained pursuant to a written contract or agreement.

182. That at all times hereinafter mentioned, and on, or prior to, March 3, 2000, the Plaintiff JORGE CAMPOVERDE was an employee of CASALINO DEMOLITION, CORP.

183. That at all times hereinafter mentioned on or prior to March 3, 2000, the defendant, GAP, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the

premises located at 845 White Plains Road, Bronx, New York.

184.  That the defendant, **GAP**, its agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work.

185.  That the defendant, **GAP**, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

186.  That at all times hereinafter mentioned on or prior to March 3, 2000, while plaintiff **JORGE CAMPOVERDE** was lawfully engaged in his employment in the construction, reconstruction and/or renovation of the aforementioned premises, he was struck by a falling object, thereby sustaining severe and permanent injuries through no fault of his own.

187.  That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the joint, concurrent and several negligence of the defendant, its agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site that constituted a danger, nuisance and menace to the safety of the plaintiff; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in causing the plaintiff to work and to be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, shore, equip, place, guard, arrange and maintain the construction site at the aforesaid premises so as to give proper protection to the plaintiff, all in reckless disregard to the rights of the plaintiff and in violation of applicable laws, statutes and

ordinances, including, but not limited to §§200, 240 & 241 of the Labor Law of the State of New York; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the workplace.

188.   That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

189.   That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

190.   That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains.  That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of **FIVE MILLION ($5,000,000.00) DOLLARS.**

### AS AND FOR A EIGHTH CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, JORGE CAMPOVERDE

191.   Plaintiff, **JORGE CAMPOVERDE**, repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "1" through "190" with the same force and effect as though same were more fully set forth at length herein.

192.   That on March 3, 2000, there existed in full force and effect within the State of New York, Sections 200, 240 and 241 of the Labor Law of the

State of New York.

193.    That defendants had the duty to comply with the provisions of sections 200, 240 and 241 of the Labor Law of the State of New York.

194.    That by reason of the negligence of the defendants as aforesaid, the said defendants violated Sections 200, 240 and 241 of the Labor Law of the State of New York.

195.    That on March 3, 2000, there existed Rule 23 of the Industrial Code of the State of New York.

196.    That defendants had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

197.    That by reason of the negligence of the defendants, as aforesaid, the defendants violated Rule 23 of the Industrial Code of the State of New York.

198.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

WHEREFORE, Plaintiff **JORGE CAMPOVERDE**, demands judgment against the defendants in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the First Cause of Action; the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action; the sum of FIVE MILLION ($5,000,000.00) DOLLARS

on the Third Cause of Action; the sum of FIVE MILLION ($5,000,000.00) DOLLARS

on the Fourth Cause of Action; the sum of FIVE MILLION ($5,000,000.00) DOLLARS

on the Fifth Cause of Action; the sum of FIVE MILLION ($5,000,000.00) DOLLARS

on the Sixth Cause of Action; the sum of FIVE MILLION ($5,000,000.00) DOLLARS

on the Seventh Cause of Action; and the sum of FIVE MILLIOIN ($5,000,000)

DOLLARS on the Eighth Cause of Action together with interest, costs and

disbursements of this action.

Dated:      New York, New York
            August 21, 2002

Yours, etc.

Christopher J. Gorayeb
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
JORGE CAMPOVERDE
136 Church Street
New York, NY 10007
(212) 267-9222/3891/CJG/alm

Crawford & Company
C/O Melville Corporate Center
105 Maxess Road – Suite 229
Melville, NY 11747

26-6734
Kim

# facsimile transmittal

| To: | Kim Hottel | Fax: | 856-755-0070 |
|---|---|---|---|
| From: | Sherry Warner | Date: | 11/26/01 |
| Re: | Campoverde v Bruckner(91642) | Pages: | 27 including cover sheet (27) |

☐ Urgent    * For Review    ☐ Please Comment    *Please Reply    ☐ Please Recycle

To follow is the information you requested on the above mentioned case. Your file # 26-6734.

Once you have reviewed, please advise on whether or not you will be defending and indemnifying

our insured Bruckner Plaza Associates and Esther Schulder. I was unable to locate the original

tender letter sent by Lloyd Piggot of CGU (the original adjuster of this file) earlier this year. I am

forwarding to you another tender letter for your records. If you have any questions, please call me

631-755-7808.

**RECEIVED**

NOV 2 7 2001

CLAIMS DEPT.

# EXHIBIT C



**Jonathan P. Nickey**
Branch Manager

November 26, 2001

Royal Surplus Lines Insurance Services
210 Lake Drive East - Suite 301
Cherry Hill, NJ 08002
Attn: Kim Hottel
Fax # (856) 755-0070

RE: Our File: 943-91642
Claimant: Joerge Campoverde
A/L Date: 3/3/00
Your File: 26-6734

Dear Ms. Hottel;

We are the claims representatives for Bruckner Plaza Assoc's LP and
Bruckner Plaza Corp and Esther Schulder and we are currently investigating
the above-mentioned matter involving Joerge Campoverde.

Mr. Campoverde was allegedly injured while doing work for sub contractor of
Allied Renovation Corp. Mr. Campoverde alleges that a falling object struck
his foot and caused it to become fractured. (see bill of particulars that are
attached). Also see the agreement (also attached) Article 10 section 11
which holds indemnity clause. Please accept this letter as official notice of
tender to you and request for indemnification.

We would request that you forward a letter of acknowledgement in receipt of
this transmittal, as this letter is formal notice of this matter being pursued.

Thank you for your prompt attention to this matter, and should you have any
questions or wish to discuss this matter further, you may contact the
undersigned at 631-755-7808.

Very truly yours,

*Sherry R. Warner*
Sherry R Warner
General Adjuster

# EXHIBIT D



**RSA Surplus Lines Insurance Services, Inc.**
P.O. Box 5048
210 Lake Drive East, Suite 301
Cherry Hill NJ 08034-5048

**CLAIMS**
Phone
856-755-4500
Fax
856-755-0070

February 6, 2002

Crawford & Co.
Melville Corporate Center
105 Maxess Road, Suite 229
Melville, NY  11747

Attn:  Sherry Warner

Re:         Claim #:            26-6734
            Insured:            Allied Renovation
            Claimant:           Jorge Campoverde
            Your File #:        943-91642

Dear Ms. Warner,

This will confirm receipt of your tender letter of November 26, 2001, which was
RSA's first written notice of a tender effort on behalf of Bruckner Plaza.  Upon
review of the file materials available to us including the contract, insurance policy,
and certificate of insurance, we will be accepting the tender on behalf of Bruckner
effective 11/26/01.

By copy of this letter, I am advising defense counsel to substitute in on behalf of
Bruckner.  Please note that our coverage limits are $1M/$2M aggregate and that
the policy will not pay more than this stated amount for all insureds under the
policy.

Thank you for your cooperation.

Sincerely,

Kimberly Hottel, AIC, CCLA
Claims Examiner

KMH/dsh

# EXHIBIT E

# Law Offices of Bruce A. Lawrence

Staff Counsel for CGU Insurance Company
(Not a Partnership or Professional Corporation)
One MetroTech Center North
Eleventh Floor
Brooklyn, New York 11201-3857

Telephone: 718-625-8940

February 11, 2002

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Royal Surplus Lines
88 Pine Street 28th Floor
New York, NY 10005

<blockquote>
Re: Your Insured:       **Allied Renovation Corp.**
    Policy No.:         **X2B310202**
    Period Period:      **3/9/99-3/9/00**
    Our Insureds:       **Bruckner Plaza Associates, LP**
                        **Bruckner Plaza Corp. and**
                        **Esther Schulder**
    Claimant :          **Jorge Campoverde**
    Location:           **845 White Plains Road, Bronx, NY**
    Date of Loss:       **3/3/00**
</blockquote>

Dear Sir/Madam:

Please be advised that we represent Bruckner Plaza Associates, L.P., Bruckner Plaza Corp. and Esther Schulder in the above matter.

This matter arises out of an incident that allegedly occurred on March 3, 2000 at the premises located at 845 White Plains Road whereby plaintiff, Jorge Campoverde is alleging he was injured while in the course of his employment with Casalino Demolition Corp.

Enclosed please find a written contract between Bruckner Plaza Associates and Allied Renovation Corp. for the subject work in effect on the day of this accident. Please note that paragraph 10.11 states "To the fullest extent permitted by law, the Contractor shall indemnify and hold harmess the Owner, their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorneys fees, arising out of or resulting from performance of the Work."

K:\Data\2000\00-9351\Letters\allied-cif.doc

Additionally, underlined please find a Certificate of Insurance in effect on the day of the accident which names my insured, Bruckner Plaza Associates as an additional insured under the policy issued to Allied Renovation Corp. in effect on the day of the subject accident.  Based on the written contract and Certificate of Insurance in effect on the day of the accident, DEFENDANTS, BRUCKNER PLAZA ASSOCIATES, BRUCKNER PLAZA CORP. AND ESTHER SCHULDER HEREBY DEMAND THAT YOU ASSUME THEIR DEFENSE AND INDEMNIFICATION BASED ON THE WRITTEN CONTRACT, CERTICATE OF INSURANCE, AND POLICY OF INSURANCE ISSUED TO ALLIED RENOVATION CORP. BY ROYAL SURPLUS LINES INSURANCE, POLICY #X2B310202  IN EFFECT PRIOR TO, AND ON MARCH 3, 2000.

Kindly contact the undersigned to discuss this matter further.  If a response is not forthcoming in the near future, we will seek all legal remedies available to us, including the commencement of a declaratory judgment action, and the recovery of attorneys' fees.

Thank you for your immediate attention to this matter.

Very truly yours,

**BRUCE A. LAWRENCE, ESQ.**

By _Christine L. Fontaine_

**Christine L. Fontaine**

**CLF:mm**

cc: **CRAWFORD & COMPANY**
Melville Corporate Center
105 Maxess Road, Suite 229
Melville, NY  11747
Attn: Sherry Warner , Claims Representative

**KRAL, CLERKIN, REDMOND, RYAN PERRY & GIRVAN**
Attorneys for Allied Renovation, Corp.
170 Broadway, 5th Floor
New York, NY  10038
Attn: Mary L. Maloney. Esq.

encls:

K:\Data\2000\00-9351\Letters\allied-clf.doc